[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12455

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RESHAUD JAMAL MAXWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cr-00024-MTT-CHW-1

_____

2                    Opinion of the Court                    24-12455

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Reshaud Maxwell appeals the district court's grant of his motion to reduce his sentence. He argues that the district court should have further reduced his sentence. Because we disagree, we **AFFIRM** the district court.[1]

First, some background. At sentencing, pursuant to U.S.S.G. § 5K2.0(a)(2)(B), the district court reduced Maxwell's total offense level by two levels—from 23 to 21. Accordingly, the district court sentenced Maxwell to 62 months imprisonment. Two years later, because of an amendment to the Sentencing Guidelines that, applied retroactively, would have provided him a more lenient sentence, Maxwell moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence. The district court granted his motion. Applying U.S.S.G. § 1B1.10—the Guideline that courts use to ascertain a defendant's eligibility for a reduced sentence under § 3582(c)(2)—the district court determined that Maxwell's total offense level was 23 and recalculated his sentence as 57 months. On appeal, Maxwell argues that the district court should have based its recalculation on an offense level of 21, so as to reflect the two-level reduction that he received at sentencing under U.S.S.G. § 5K2.0(a)(2)(B).

---

[1] "In considering on appeal a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), [this Court] review[s] *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1334 (11th Cir. 2017).

But Maxwell is mistaken.  Under U.S.S.G. § 1B1.10, a court may not include downward departures pursuant to § 5K in its recalculation of a defendant's total offense level.  It may consider § 5K departures only *after* it has calculated the defendant's offense level.  *See* U.S.S.G. § 1B1.1(a)–(b).  Moreover, we have held that "a court may not reapply a § 5K[] departure in determining the 'applicable guideline range' under § 1B1.1(a)"—which includes a determination of the defendant's total offense level—"when it chooses to reduce a defendant's sentence under § 3582(c)(2)."  *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1339 (11th Cir. 2017).  Accordingly, we hold that the district court did not err in its recalculation of Maxwell's sentence.

**AFFIRMED.**